## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

**GLORIA MOSES,**                 *

                                    *

        *Plaintiff,*

v.                             *        Civil Case No: 1:22-cv-02993-JMC

**WALMART, INC.,**              *

        *Defendant.*          *

                                      *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## <u>MEMORANDUM OPINION</u>

Plaintiff, Gloria Moses, filed the present negligence action on November 18, 2022, against Defendant, Walmart, Inc. ("Walmart" or "Defendant"), based on a slip and fall accident. (ECF No. 2). Presently before the Court is Defendant's Motion for Summary Judgment ("the Motion") arguing for dismissal of Plaintiff's claim as a matter of law. (ECF No. 23). The Court has considered the Motion, Plaintiff's Opposition (ECF No. 24), and Defendant's Reply (ECF No. 27). The Court finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons explained below, Defendant's Motion is **GRANTED**.

### I.    BACKGROUND

Plaintiff went to the Randallstown, Maryland Walmart location on November 7, 2021, to shop. (ECF No. 23-1 at p. 2; ECF No. 24-1 at p. 1).[1] After browsing the store, Plaintiff collected the items she wished to purchase and proceeded to the checkout counters. *Id.* Plaintiff initially

---

[1] When the Court cites to a particular page number or range, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of each electronically filed document.

waited in checkout line three but was invited to the newly-opened checkout line four shortly thereafter. *Id.* Plaintiff then slipped and fell while walking towards the newly opened register. *Id.* Although Plaintiff did not initially see anything on the floor when she slipped, she observed after being helped to her feet that there was "a foreign substance smeared on the floor." (ECF No. 23-1 at p. 2). The color of the substance was not easily distinguishable from the color of the floor; there were no other footprints or track marks other than her own nearby; and Plaintiff did not observe any broken products or other debris on the floor. *Id.* Plaintiff was unaware of what caused the substance to be on the floor, how it got on the floor in the first place, or how long the substance was on the floor prior to Plaintiff's accident. *Id.* Further, Plaintiff did not see any store personnel in the immediate area of the substance before she fell. *Id.* Plaintiff then reported her slip and fall to the department manager, Jude Dasig. *Id.* Dasig did not witness Plaintiff fall nor did he witness the substance by the time he arrived to take Plaintiff's report regarding the events leading up to her tumble. *Id.*

Now that discovery has concluded, Defendant seeks summary judgment against Plaintiff on her negligence claim. Specifically, Defendant argues that there is no evidence of actual or constructive notice on Defendant's part regarding the hazardous floor condition, and "Without evidence of actual or constructive notice, Plaintiff cannot prove that Walmart breached any duty and therefore Walmart is entitled to summary judgment as a matter of law." *Id.* at p. 3. For the reasons that follow, the Court agrees.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) requires the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute as to a material fact "is genuine if the evidence is such

that a reasonable jury could return a verdict for the nonmoving party." *J.E. Dunn Const. Co. v. S.R.P. Dev. Ltd. P'ship*, 115 F. Supp. 3d 593, 600 (D. Md. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).   A nonmoving party "opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e)).

The Court is "required to view the facts and draw reasonable inferences in the light most favorable to" the nonmoving party.  *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008) (citing *Scott v. Harris*, 550 U.S. 372, 377 (2007)).   However, the Court must also "abide by the 'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'"  *Heckman v. Ryder Truck Rental, Inc.*, 962 F. Supp. 2d 792, 799–800 (D. Md. 2013) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)).   Consequently, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.*, 152 F.3d 326, 330–31 (4th Cir. 1998).

## III.   DISCUSSION

Defendant argues that summary judgment in its favor is appropriate because Plaintiff cannot, as a matter of law, make out a prima facie negligence case.  (ECF No. 23-1 at p. 4).   "A properly pleaded claim of negligence includes four elements . . . (1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual loss or injury, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty."  *Corinaldi v. Columbia Courtyard, Inc.*, 162 Md. App. 207, 218

(2005);[2] *see also Chamberlain v. Denny's Inc.*, 166 F. Supp. 2d 1064, 1068 (D. Md. 2001) ("Under Maryland law, negligence is doing something that a person using ordinary care would not do or not do something that a person using ordinary care would do.").  "It is further well-established in Maryland that in 'slip and fall' cases, the duty of care owed by an owner or occupier of the premises is determined by the owner's legal relationship to the person entering the premises."  *Durm v. Walmart, Inc.*, No. CV ADC-20-2809, 2021 WL 3930709, at *3 (D. Md. Sept. 2, 2021) (quoting *Garner v. Supervalu, Inc.*, 396 F. App'x 27, 29 (4th Cir. 2010) (per curiam)).  A business invitee is "a person 'on the property [of another] for a purpose related to the possessor's business.'"  *Rehn v. Westfield Am.*, 153 Md. App. 586, 592 (2003) (quoting *Rivas v. Oxon Hill Joint Venture*, 130 Md. App. 101, 109 (2000), *cert. denied*, 358 Md. 610 (2000)).  "The highest duty is owed to a business invitee," and thus, "Storekeepers owe their business invitees or customers a duty of ordinary and reasonable care to maintain their premises in a reasonably safe condition."  *Chamberlain*, 166 F. Supp. 2d at 1068.

Nevertheless, "Storekeepers are not insurers of their customers' safety, and no presumption of negligence arises merely because an injury was sustained on a storekeeper's premises."  *Giant Food, Inc. v. Mitchell*, 334 Md. 633, 636 (1994).  "A storekeeper's liability under negligence principles for a customer's injuries arises only from a failure to observe the duty of ordinary and reasonable care."  *Chamberlain*, 166 F. Supp. 2d at 1068.  With these principles in mind, a storekeeper "is liable for injuries sustained by business invitees where the store owner: (1) has actual or constructive notice of the hazardous condition; (2) should have anticipated that the

---

[2] "Federal courts sitting in diversity apply the conflict of law rules prevailing in the states in which they sit." *Havtech, LLC v. AAON Inc.*, No. SAG-22-00453, 2022 WL 1213476, at *4 (D. Md. Apr. 25, 2022).  Regarding tort claims under Maryland's choice of law rules, "the substantive tort law of the state where the wrong occurs governs." *Haunch v. Connor*, 295 Md. 120, 123 (1983).  Accordingly, Maryland law governs the case *sub judice* because the material events giving rise to Plaintiff's cause of action for negligence occurred in Maryland.

customer would not discover the condition or would fail to protect herself against it; and (3) failed to take reasonable steps to make the premises safe or give adequate warning of the condition." *Sinnott v. Wal-Mart, Inc.*, No. CIV. A. AMD 99-2494, 2000 WL 33281683, at *2 (D. Md. July 14, 2000), *aff'd*, 3 F. App'x 128 (4th Cir. 2001).

Here, Defendant argues that "summary judgment is appropriate . . . because there exists no genuine dispute of material fact as to whether Walmart had any notice of the substance on the floor prior to Plaintiff's alleged incident," either actual or constructive.  (ECF No. 23-1 at p. 5). Regarding actual notice, Defendant posits that neither Plaintiff, Dasig, nor any other individual knew who or what caused the substance to be on the floor, how it got there, or how long it was on the floor before Plaintiff fell.  *Id.* at p. 6.  Plaintiff did not respond in her Opposition with any assertions or evidence supporting that Defendant did, in fact, have actual notice of the substance *prior* to Plaintiff's fall; rather, Plaintiff discussed "actual notice" only to illustrate that Defendant had actual notice of the spill *after* Plaintiff slipped and informed the cashier.  (ECF No. 24-1 at pp. 4–5); *see* Fed. R. Civ. P. 56(e)(2).  However, Plaintiff also argues that "there is circumstantial evidence that a Walmart employee created the hazard" because employees were in direct possession and control of the area prior to Plaintiff's fall given that the register was closed.  (ECF No. 24-1 at p. 4).  This assertion is not supported by any evidence with which a reasonable juror could concur.  Plaintiff set forth no evidence in her Opposition that this public area between checkout three and checkout four was under Defendant's exclusive possession and control.  To the contrary, Plaintiff conceded that she had no reason to believe the Walmart cashier who opened checkout lane four knew that the substance was there, and that Plaintiff did not see any Walmart employees in the area prior to making her way to checkout line four.  (ECF No. 23-2 at pp. 11–12); *see also Johnson v. Wal-Mart Stores, Inc.*, No. CV TJS-19-0854, 2020 WL 58302, at *4, *5

5

(D. Md. Jan. 6, 2020) (finding "insufficient evidence of [actual] notice" and granting summary judgment where plaintiff testified "she did not believe [nearby employees] knew of the dangerous condition" before plaintiff's injury).  The only time Plaintiff recalls seeing Walmart associates in the area of the fall was as she was approaching checkout line four after it had been opened.  *See* (ECF No. 24-4 at pp. 1–2); *Konka v. Wal-Mart Stores*, 133 F.3d 915, at \*4 (4th Cir. 1998) ("The mere fact that [store employees and personnel] were in close proximity to the wet spot is not in itself sufficient to establish any kind of notice."); *Johnson*, 2020 WL 58302 at \*4 ("The proximity of a store employee to a dangerous condition is not in itself sufficient to establish actual knowledge of a dangerous condition.") (quotation omitted).  Plaintiff's evidence that a Walmart employee created the hazard appears speculative at best given Plaintiff's inability to proffer specific factual allegations supporting that statement rather than contradicting it.  Thus, the Court finds that there is no genuine dispute that Defendants did not have actual notice of the substance on the floor and next considers whether there is any genuine dispute as to whether Defendant had constructive notice.

"Maryland case law generally encompasses two basic categories of constructive notice in slip and fall cases: (1) slip and falls on 'foreign substances,' and (2) slip and falls on conditions created directly by the store owner."  *Sinnott*, 2000 WL 33281683 at \*2.  "In foreign substance cases, courts have been reluctant to conclude that the store owner had notice where it is unclear how long the condition existed and the hazardous condition could have been created by a customer."  *Id.*  Accordingly, "[t]he burden is upon the customer" not only to show that "the proprietor . . . had actual or constructive knowledge that the dangerous conditions existed," but also that "that knowledge was gained in sufficient time to give the owner the opportunity to remove [the danger] or warn the invitee."  *Poe v. Wal-Mart Real Est. Bus. Tr.*, No. CV TJS-20-3425, 2022

WL 684139, at *3 (D. Md. Mar. 8, 2022); *see also McCoy v. Target Corp.*, No. GLR-14-3437, 2016 WL 827962, at *2 (D. Md. Mar. 3, 2016) ("To prove constructive knowledge in a slip-and-fall case, the invitee must present evidence showing how long the hazard existed before the injury occurred . . . .").  This requirement of "time on the floor evidence" serves "two purposes: (1) it requires a demonstration of how long the dangerous condition existed prior to the accident so that the fact-finder can decide whether the storekeeper would have discovered it if he or she had exercised ordinary care; and (2) it also shows that the interval between inspections was at least as long as the time on the floor."  *Maans v. Giant of Md., L.L.C.*, 161 Md. App. 620, 639 (2005).  "Doing away with the requirement that the invitee must prove how long the dangerous condition existed pre-injury is the functional equivalent of doing away with the requirement that the plaintiff prove that the defendant's negligence was the proximate cause of the plaintiff's injury."  *Id.* at 640.

This Court has routinely found summary judgment appropriate in slip and fall negligence cases where a plaintiff fails to set forth evidence indicating the amount of time the foreign substance was on the floor.  *See, e.g.*, *Rensing v. Walmart, Inc.*, No. CV ADC-20-3547, 2021 WL 5016115, at *4–5 (D. Md. Oct. 28, 2021) ("[T]he lack of evidence about how long [the substance] was on the floor 'means Plaintiff has no basis on which to argue Defendant was negligent.'") (quoting *Barnes v. Costco Wholesale Corp.*, No. CV JKB-18-3377, 2019 WL 4933070, at *4 (D. Md. Oct. 7, 2019)); *Poe*, 2022 WL 684139 at *3–4; *Jimoh v. Costco Wholesale Corp.*, No. PWG-16-1022, 2017 WL 282003, at *3 (D. Md. Jan. 23, 2017); *Jones v. Shoppers Food Warehouse Corp.*, No. JKS 15-2096, 2016 WL 454951, at *3–4 (D. Md. Feb. 5, 2016); *Groat v. Wal-Mart Stores, Inc.*, No. CIV. WGC-10-235, 2010 WL 5391515, at *11 (D. Md. Dec. 20, 2010). The necessity of "time on the floor evidence" has been downplayed only in the specific context of slip and falls resulting from inclement weather conditions, which is inapplicable in the case *sub judice*

because Plaintiff makes no argument of the sort, nor is there any indication that there was inclement weather the day of Plaintiff's fall.  *See, e.g.*, *Rybas v. Riverview Hotel Corp.*, 21 F. Supp. 3d 548, 570–71 (D. Md. 2014); (ECF No. 23-2 at p. 3).  And even where a plaintiff sets forth sufficient evidence establishing how long a foreign substance has been on the floor, Maryland courts have still held that a few moments is insufficient for a shopkeeper to "discover, cure, or clean up" the dangerous condition.  *Rehn*, 153 Md. App. at 593–96.  *But see Oliver v. Maxway Stores*, No. CIV.A. WGC-12-3033, 2013 WL 6091844, at *5 (D. Md. Nov. 18, 2013) (finding genuine dispute of material fact regarding whether an established 30-minute window was "a sufficient length of time for a manager or any employee to have a reasonable opportunity to respond to a hazard").

Here, Plaintiff has set forth no "time on the floor evidence."  To the contrary, Plaintiff concedes that she does not know where the substance came from, who caused the substance to be there, how long the substance had been there, and even that she had no reason to believe the nearest Walmart cashier knew that the substance was on the floor.  (ECF No. 23-2 at pp. 10–11).  The substance being dried and "pretty significant in size" is also the type of circumstantial evidence this Court has previously rejected.  *See Rybas*, 21 F. Supp. 3d at 568 ("[E]vidence regarding 'the size or nature of the spill is not a substitute for "time on the floor" evidence.'") (quoting *Saunders v. Wal–Mart Stores, Inc.*, 2010 WL 1416542, at *4 (D. Md. Apr. 5, 2010)).  Similarly, Plaintiff's assertion that a cashier "should do a general cleaning of their register" when opening a new register according to store policy is not only unsupported by the evidence Plaintiff submitted in its Opposition, but even if it was, constructive knowledge in a slip and fall case cannot be established

merely by arguing that the Defendant failed to abide by its own safety policies.[3] *See* (ECF No. 24-1 at pp. 2–3); *Poe*, 2022 WL 684139 at *3–4 (rejecting argument that Walmart would have noticed the hazard if it "complied with its own policy"); *Scott v. Old Navy, LLC*, No. 20-1253, 2022 WL 2764415, at *8 n.10 (4th Cir. July 15, 2022) ("Maryland courts seem to take the view that whether an employee's actions are consistent with company policy is not helpful in a determination of what constitutes reasonable care.") (quotation omitted); *see also Smith v. City of Balt.*, 156 Md. App. 377, 385–86 (2004) (affirming entry of summary judgment against plaintiff and rejecting plaintiff's argument that defendant had constructive knowledge of the dangerous condition because of an alleged failure to conduct routine inspections); *Maans*, 161 Md. App. at 632 (rejecting argument that "constructive notice may be proven by introduction of evidence that, prior to the accident, defendant failed to make reasonable inspection of the premises" and finding it "fatal to [plaintiff's] argument" that she failed to provide evidence as to how long the hazard existed); *Zilichikhis v. Montgomery Cnty.*, 223 Md. App. 158, 189, 198 (2015) (affirming summary judgment and rejecting argument that defendants had constructive knowledge of the hazardous condition because defendants "failed to perform mandatory daily inspections").

Establishing an appreciable period of time for which a hazardous condition existed may present a genuine dispute of material fact because a jury is then best suited to decide whether that period of time gives a shopkeeper sufficient time to remedy the hazardous condition.  However, a plaintiff's inability to set forth any specific evidence regarding the period of time which the

---

[3] Plaintiff contends that Dasig stated in his deposition—supposedly "attached as Exhibit 1" to Plaintiff's Opposition—that cashiers should do a general cleaning of their register area prior to opening the register, yet Plaintiff's exhibits are the deposition testimony of William Duffy (Ex. 1), Defendant's "I Own Safety" program information (Ex. 2), and Plaintiff's deposition testimony (Ex. 3).  And although *Defendant* provides portions of Dasig's deposition testimony in support of its own Motion, Plaintiff's citations to Dasig's deposition testimony do not support the assertion that Dasig stated Walmart associates should do a general cleaning of their register prior to opening it.  *Compare* (ECF No. 24-1 at p. 2), *with* (ECF No. 23-3 at p. 4); *see Anderson*, 477 U.S. at 257 ("[T]he plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment."); Loc. R. 105.5 (D. Md. 2021).

hazardous condition has been present on the floor beyond speculation and insufficient circumstantial evidence warrants summary judgment.  Likewise, the fact that "Walmart relies on an automatic floor cleaning machine to clean the floors" establishes only the procedure by which Defendant cleans its floors, not that the substance was on the floor long enough for Defendant to notice and remedy the substance in accordance with its duty to its customers.  (ECF No. 24-1 at p. 3).  Accordingly, there is no genuine dispute that Defendant did not have notice of the hazardous condition, either actual or constructive, and the Court finds that Plaintiff has failed to demonstrate, as a matter of law, that her negligence claim should be permitted to proceed.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 23) is **GRANTED**.  A separate order follows.


Date: <u>October 3, 2023</u>                          <u>                    /s/                    </u>
                                                                        J. Mark Coulson
                                                                        United States Magistrate Judge